## DAILY *v.* MENDENHALL ET AL.

[No. 14,424. Filed December 23, 1932. Rehearing denied April 6, 1933. Transfer denied February 15, 1934.]

*Paul N. Shafer* and *Thomas F. O'Mara*, for appellant.

*Charles E. Piety* and *Paul N. Bogart*, for appellees.

CURTIS, C. J.—This was an action by the appellant against the appellees to set aside the alleged illegal cancellation of her "indefinite contract" as a "permanent" teacher of the appellee, School City of Terre Haute, Indiana, and asking that an injunction be granted her to restrain the appellees from continuing to break the alleged contract of the appellant as permanent teacher, and praying judgment for the amount of the salary accruing to her as such teacher, pending the litigation.

To the amended complaint of the appellant, which was in one paragraph, the appellees addressed separate demurrers. These

demurrers were sustained and the appellant excepted to these rulings and refused to plead over, electing to stand on the ruling of the court on the demurrer. The court rendered judgment in favor of the appellees, from which this appeal was prayed and perfected.

The controlling facts pleaded in the amended complaint are identical with those in the case of *Grace E. Barnes* v. *William F. Mendenhall, et al.,* including the School City of Terre Haute, Indiana, cause number 14,423, decided by this court on the 22nd day of December, 1932. Demurrers were filed by the appellees presenting the same questions of law as in the Barnes case, *supra.* The ruling on the demurrers by the trial court was the same as in that case. The judgment entered was the same in effect. The errors assigned and relied upon for reversal are the same. There is the same admission by the appellees that they do not question the propriety of the remedy sought by the appellant.

Upon the authority of the Barnes case, *supra,* the judgment in the instant case is reversed and the court is directed to overrule the demurrers to the amended complaint of the appellant and for further proceedings not inconsistent herewith.

Judgment reversed.